IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BOE ALAN MILLER, | CV 23-04-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, STATE OF MONTANA, LAKE COUNTY DISTRICT COURT, MARGARET BEHAN, MELLISSA STREICKER, | |
| Defendants. | |

Plaintiff Boe Alan Miller (Miller) filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his 2022 state probation revocation proceedings. (Doc. 1 at 5, 14.)

As explained below, because Miller's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), he fails to state a federal claim for relief. The Complaint will be dismissed.

**Screening Analysis**

Miller is a prisoner proceeding in forma pauperis, *see* (Doc. 6), so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a

1

prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

Miller alleges Defendants have unlawfully revoked his sentence without considering his requests for treatment or placement at a sober living facility. (Doc. 1 at 5.) While he acknowledges he relapsed by using methamphetamine, which is presumably a violation of his conditions of supervision, he indicates he is amenable to treatment but is not currently receiving treatment at Montana State Prison. (*Id*. at 5, 14) He has apparently sent requests seeking treatment and/or modification to his sentence to the Lake County District Court, the Montana Department of Corrections and his probation officer, however, no one has addressed his requests. (*Id*. at 7.) Miller further asserts his probation was revoked without providing adequate interventions or applying the proper procedure under state law. (*Id*. at 14.)

Miller's claims are barred by *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id*. at 486-87; *see*

2

*also Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Although Miller fails to identify a specific constitutional right, his claim that his rights generally have been violated during the course of his Lake County revocation proceedings would necessarily imply the invalidity of his conviction and sentence and are therefore barred by *Heck*. *See also Baskett v. Papini*, 245 Fed. Appx. 677, 678 (2007)(affirming dismissal of section 1983 action as *Heck*-barred because prisoner's allegations necessarily called into question the validity of the probation revocation). There is no basis for relief in this Court.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Miller fails to state a claim upon which relief may be granted as his claims are barred by *Heck*.  This defect cannot be cured by amendment; leave to amend would be futile.  This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

DATED this 5th day of April, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge